IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARSCO CORPORATION,

    Plaintiff,

v.

EUGENE J. ZENNER,

    Defendant.

C.A. No. 17-cv-1184

(Chief Judge Christopher C. Conner)

## CONFIDENTIALITY STIPULATION AND AGREED [PROPOSED] PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, upon stipulation of the parties, and pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure and Local Rules 7.1 and 16.3, HEREBY STIPULATED BY THE PARTIES AND ORDERED BY THE COURT as follows:

1.    Scope of Order. This Protective Order (the "Order") shall govern the use and disclosure of all confidential, proprietary, or trade secret information ("Protected Information") produced by or on behalf of any party, provided by third parties (including Sisk Gratings, Inc. ("Sisk")), or furnished by any person associated with any party or third-party on or after the date of this Order in any pleading, deposition, interrogatory, request for admission, document production, or any other disclosure or discovery proceeding in the Litigation as well as at any hearing or trial in the Litigation until further order of the Court.

Protected Information shall include, *inter alia*, any document or thing that the producing party believes in good faith constitutes or embodies matter used by it in or pertaining to its

business, which matter is not generally known, and which the producing party would not normally reveal to third parties or which it would cause third parties to maintain in confidence, and that, if disclosed, likely would cause the producing party serious harm. Protected Information includes, but is not limited to, technical information such as product design and manufacturing techniques or processing information, computer code, formulae, research and development information, customer lists, customer purchasing histories, customer preferences, business development, business strategy, marketing, sales, staffing, personnel data, salary information, benefit information, information provided by customers which is subject to confidentiality agreements with customers, cost, pricing, and/or profit information, forecasts, plans, methods and/or models, patent-license agreements, or information that was generated in connection with, or which reveals the content of, patent licensing negotiations, information regarding software offerings that a party has treated as confidential and is not subject to public disclosure, and any other information that would qualify as confidential pursuant to any other legal standard applicable to matters pending before this Court. Protected Information further includes, without limitation, any trade secrets or other confidential information extracted or derived from Protected Information.

2. <u>Confidentiality Designations</u>. Any party or third-party producing information in relation to this Litigation may designate any document, information, or discovery response, produced in this case as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Such designations may also be made in the course of depositions. All "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations must be based on the good faith belief that the Protected Information constitutes trade secrets or highly sensitive business or commercial information. All "CONFIDENTIAL" designations must be based on the good faith

belief that the Protected Information constitutes (a) proprietary or sensitive business, personal, or financial information or (b) information subject to a legally protected right of privacy.

3. <u>Undertaking</u>. Any documents or materials marked either "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall be held in confidence by each person to whom they are disclosed according to the procedures set forth in this Order; shall only be used for the purposes of this Litigation (including any appeals or retrials) and only as provided in this Order; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities, and access to such information, document, material, item, or thing shall be permitted only to persons properly having access thereto under the terms of this Order.

4. <u>Manner of Designation</u>.

a. The designation of documents or other materials shall be made by written notice on the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" on all pages or, if not practical, any part of the document or thing. Documents or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" within the meaning of this Order.

b. Unless otherwise designated at a deposition, the entire text of the deposition, including all testimony therein and exhibits thereto (except for exhibits that were previously produced without being marked as "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY") shall be treated by all parties as provisionally protected as

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of fourteen (14) calendar days following receipt of the official transcript(s). Within the fourteen (14)-day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by giving written notice of such designation to every other party to the Litigation. After the expiration of the fourteen (14)-day period, only the specific page(s) and line number(s) and exhibits designated as being "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY", if any, shall be treated as such.

5. Use of and Access to Protected Information.

a. **CONFIDENTIAL - ATTORNEYS' EYES ONLY**: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things, or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be, directly or indirectly, delivered, exhibited, or disclosed to persons other than:

   i. The Court, or any Court personnel;

   ii. Court Reporters employed in connection with the Litigation;

   iii. Outside Counsel for Harsco Corporation and Eugene Zenner and their firm attorneys, paralegals, law clerks, and clerical staff, and in-house Litigation Counsel and Assistant General Counsel for Harsco Corporation and Division Counsel for Harsco Industrial, who are providing active assistance with the Litigation;

   iv. Any person identified from the four corners of the information, document, or thing itself as having authored or previously received the information, document, or thing, through no violation of this Order or of any confidentiality obligations;

v. Any bona fide expert or Technical Advisor retained by any party for the purposes of the Litigation (who shall not be a customer of a party or an employee of or a non-litigation consultant to a party or Sisk), provided that said experts or Technical Advisors have executed a certification in accordance with Paragraph 6 below. "Technical Advisor," as used herein, shall mean any person, including, but not limited to, a proposed expert witness or consultant, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof; provided, however, that no party, or person currently employed by or a non-litigation consultant to a party, any competitor of a party, or customer of a party shall so qualify hereunder;

vi. Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, retrieving, examining, or producing data or designing programs for handling of data connected with this case, including the performance of such duties in relation to a computerized litigation support system;

vii. Other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court and who have executed a certification in accordance with Paragraph 6 below; or

viii. A witness during testimony at a hearing or trial in the Litigation, if permitted by the Court.

b. **CONFIDENTIAL**: Except as set forth herein or in any subsequent order or by express written consent of counsel of record, no documents, things, or information designated as

"CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

    i. The persons set forth in Paragraph 5.a above;

    ii. Any in-house counsel for Harsco Corporation and other attorneys, paralegals, law clerks, or clerical staff working with those attorneys;

    iii. Zenner and Harsco Corporation officers and/or five (5) other Harsco Corporation employees who (A) have decision making authority for Harsco Corporation in this Litigation, or (B) are actively engaged in assisting Harsco Corporation's attorneys in the conduct of the Litigation; or

    iv. Any non-party witness at a deposition, hearing, or trial, if (A) it appears from the face of the document, or from other documents or testimony, to have been used by the witness, received by the witness, or properly communicated to the witness; or (B) if the witness is employed by the producing party, and provided that said witness has executed a certification in accordance with Paragraph 6 below.

    c. To the extent that any Protected Information subject to this Order (or any pleading, motion, or memorandum referring to them) is filed with the Court, that material, or any portion thereof which discloses "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information, shall be filed under seal in accordance with the Middle District of Pennsylvania Local Rules.

    d. In the event that any question is asked at a deposition which a party or nonparty asserts calls for Protected Information, such question shall nonetheless be answered by the

witness full and completely, to the extent required by law. If the Protected Information is asserted to be "CONFIDENTIAL-ATTORNEYS' EYES ONLY," persons other than the persons listed in Paragraph 5.a. shall leave the room while the information is provided. Counsel for the deponent shall, either at the deposition or within fourteen (14) days after receipt of the official transcript therefore by said counsel, notify all counsel on record in writing, that the information provided in such answer is designated at "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." To the extent possible, the court reporter shall segregate into separate transcripts information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall have page numbers that correspond to the blank pages in the main transcript.

6. Certification of Confidentiality.

Before giving any party employee, expert, court reporter, third-party contractor, or Technical Advisor access to information, documents, or things designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," in accordance with the terms hereof, the parties' counsel who seeks to disclose such information to such expert, employee, court reporter, third-party contractor, or Technical Advisor shall require that person to read and agree to be bound by this Order by signing the following certification, an example of which is attached as Exhibit A:

> I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Protective Order in Harsco Corporation v. Eugene Zenner, Case No. 17-cv-1184, pending in the United States District Court for the Middle District of Pennsylvania. I have been

given a copy of and have read that Order. I hereby agree to be bound by that Order.

I understand that such information and documents, and any copies, any notes, or any other memoranda regarding such information and documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of the above-captioned Litigation, and not for any other purpose. I understand that the obligations of the Order and this Certification survive the conclusion of the Litigation.

I understand that a violation of the Order and/or this Certification is subject to sanctions including monetary and other relief the Court deems just. I agree to be subject to the jurisdiction of the United States District Court for the Middle District of Pennsylvania for purposes of the Order.

7. Counsel for the party disclosing Protected Information requiring a Certification of Confidentiality under this section shall keep a list of all such persons and will make the list available to the party designating the information as Protected Information upon request of the designating party after the conclusion of the Litigation good cause is shown for earlier disclosure.

8. Safeguarding Confidential Information. The recipient of any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody, and use.

9. Final Disposition. Within ninety (90) days of the conclusion of the Litigation, including any appeals, all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information furnished pursuant to the terms of this Order, and any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as

having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials.

10. <u>Challenging Confidential Designation</u>. A party may oppose the designation of Protected Information at any time before trial in the Litigation. The party opposed to the designation shall notify the designating party or producing party of the dispute in writing, specifying the designation(s) in dispute and the nature of the dispute, and attempt to resolve the matter through a meet and confer. If the matter cannot be resolved, the objecting party shall file a motion with the Court to resolve the designation dispute. It shall be the burden of the designating party to prove the designation is appropriate. Until the matter is resolved by the Court, all documents and materials with which a designation is being challenged shall be treated in the manner in which they have been designated by the producing or designating party as prescribed in this Order. Upon request, the Court may at any time examine and review *in camera* any document governed by the terms of this Order. In the event that the documents and materials bearing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations lose their designated status, those documents and materials shall not be treated as previously designated. The producing party shall re-produce the documents and materials with new Bates numbers and without the stricken designation. The Parties shall take all reasonable efforts to resolve any such disputes.

11. <u>Modification of Order</u>. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order.

12. <u>Use of Own Information.</u> Nothing in this Order shall limit the producing party or person from using his, her, or its own documents and information in any fashion he, she, or it

may desire so long as the information sought to be used by the producing party is not the property of the non-producing party, which shall be clear from the face of the document.

      13.    <u>Inadvertent Production</u>. The inadvertent production of any confidential, privileged, or attorney-work product documents or information shall be without prejudice to any claims that the document or information is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. In each such case, the designating person shall provide to all other parties notice, either orally (followed by written notice within five (5) business days) or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph. Upon notification but subject to the subsequent provisions in this paragraph, the Receiving Party shall immediately, at the Producing Party's option, return or destroy the inadvertently-produced materials and all copies, and shall delete the material and all copies from any litigation-support or other database. The recipient shall destroy notes and work product reflecting the contents of such materials. No further use or disclosure shall be made of the inadvertently-produced materials, and the recipient shall take all reasonable and appropriate steps to retrieve the materials, and all copies, from any person to whom the recipient has provided them.

      Any party or individual having inadvertently received privileged information or Protected Information need not wait for notice from the Producing Party before complying with the above and is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the document and information contained therein is privileged and/or protected. If the party returning such material does not agree with the designation, the party

returning such material must write a letter to the Producing Party, setting forth the reason for believing that the material in question is not privileged.

If the issue cannot be resolved between the parties, the Producing Party shall move the Court, within ten (10) calendar days of the completion of such meet-and confer efforts, to rule on the material's status and shall produce a copy of the document to the Court for *in camera* inspection. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding. The Parties agree that, if a disagreement exists as to the disclosure of documents or information which the Producing Party argues is privileged, the Receiving Party shall not use or disclose the materials until a ruling is made by the Court on the question of the document's or information's privilege.

14. <u>Production by Non-Parties.</u> The existence of this Order shall be disclosed to any non-party producing documents or information in the Litigation who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order.

15. <u>Limitations to Application.</u> The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not apply to:

    a. Any information, document, or thing which, at the time of disclosure to a receiving party is in the public domain, through no violation of this Order or breach of a party's confidentiality obligation;

    b. Any information, document, or thing which, after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order or a party's confidentiality obligation; or

c. Any information, document, or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

15. <u>Confidential Designation Not An Admission</u>. The agreement of the parties to entry of this Order shall not constitute an admission by any party that any document or material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any other party is, in fact, confidential or qualifies as a trade secret.

16. <u>Counsel</u>. In the event of a change in counsel, retiring counsel shall fully advise new counsel of their responsibilities under this Order.

17. <u>Subpoenas</u>. If Protected Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without waiting ten (10) business days after first notifying counsel for the producing party in writing of: (a) the information and documentation which is requested for production in the subpoena; (b) the date on which compliance with the subpoena is requested; (c) the location at which compliance with the subpoena is requested; (d) the identity of the party serving the subpoena; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action, or other identification number or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena has been issued.

Agreed by counsel to the Parties:

_____
Shannon Hampton Sutherland (Pa. 90108)
Erica Fruiterman (Pa. 317289)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
215.979.1000
215.979.1020 (fax)
SHSutherland@duanemorris.com
EFruiterman@duanemorris.com

*Counsel for Plaintiff, Harsco Corporation*

_____
Rory O. Connaughton (Pa. 78775)
Brubaker Connaughton Goss & Lucarelli LLC
480 New Holland Ave., Suite 6205
Lancaster, PA 17602
717.945.5745
717.945.5764 (fax)
roryc@bcgl-law.com

*Counsel for Defendant, Eugene J. Zenner*

Entered as an order of the Court this 20TH day of October, 2017.

_____
Hon. Christopher C. Conner, U.S.D.J.

13

<u>EXHIBIT A</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARSCO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>EUGENE J. ZENNER,<br><br>    Defendant. | C.A. No. 17-cv-1184<br><br>(Chief Judge Christopher C. Conner) |

**CERTIFICATION REGARDING PROTECTIVE ORDER**

I certify my understanding that documents, information, answers, and responses are provided to me pursuant to the terms and restrictions of the Protective Order in *Harsco Corporation v. Eugene Zenner*, Case No. 17-cv-1184, pending in the United States District Court for the Middle District of Pennsylvania. I have been given a copy of and have read that Order. I hereby agree to be bound by that Order.

I understand that such information and documents, and any copies, any notes, or any other memoranda regarding such information and documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of the above-captioned Litigation, and not for any other purpose. I understand that the obligations of the Order and this Certification survive the conclusion of the Litigation.

I understand that a violation of the Order and/or this Certification is subject to sanctions including monetary and other relief the Court deems just. I agree to be subject to the jurisdiction of the United States District Court for the Middle District of Pennsylvania for purposes of the Order.

Date: _____     Name: _____

                                                                                          _____
                                                                                          Signature